JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

NOV -8 1974

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE TRUCKING INDUSTRY    )
EMPLOYMENT PRACTICES       )        DOCKET NO.  175
LITIGATION                 )

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

This litigation consists of three actions in

three different districts:  the District of the District

of Columbia, the Southern District of Texas and the

Northern District of California.  Plaintiffs in the Texas

action move the Panel for an order transferring the three

actions to a single district for coordinated or consoli-

dated pretrial proceedings pursuant to 28 U.S.C. §1407.

Plaintiffs in the California action support transfer

while the Government and all defendants oppose transfer.

We find insufficient basis for transfer under Section

1407 and, accordingly, deny the motion.

_____

*   Judges Murrah and Becker were unable to attend the
    hearing and, therefore, took no part in the consideration
    or decision of this matter.

In March of 1974 the United States of America filed an enforcement action in the District of the District of Columbia against seven major trucking companies, the International Teamsters and Mechanics Unions, Trucking Employers, Inc., and the Teamsters National Over-the-Road and City Cartage Policy and Negotiating Committee.  The seven major truckers were named individually as defendants and also as representatives of a defendant class of 349 trucking companies which employ over-the-road drivers and are parties to or bound by the National Master Freight Agreement.  The United States alleges that defendants violated Title VII of the Civil Rights Act of 1964 and a related executive order by traditionally pursuing policies and practices that discriminate against blacks and Spanish-surnamed persons.  It is alleged that the discriminatory practices include failing and refusing to hire members of these minorities for higher-paying, more desirable jobs and following transfer and seniority practices that perpetuate the discriminatory hiring pattern.  A partial consent decree has been agreed to by the seven major trucking companies acting in their own behalf only.

The Texas action was filed against Missouri Pacific Truck Lines, Inc., the International Brotherhood of Teamsters, the Southern Conference of Teamsters and a Houston local teamsters union.  Plaintiffs allege that defendants violated the federal civil rights laws by

discriminatory hiring, transfer and seniority practices and
purport to represent a class composed of all blacks and
Spanish-surnamed Americans who are employed or might be
employed by the Missouri Pacific terminal located in
Houston and are members or might become members of the
Houston local teamsters union.

The California action was filed against five
trucking companies, a grocery company, the California
Trucking Association, Trucking Employers, Inc., a
California local of the International Association of
Machinists and Aerospace Workers, the International
Brotherhood of Teamsters, its National Over-the-Road and
City Cartage Policy and Negotiating Committee, the
Western Conference of Teamsters, and several teamsters
locals in California.  Plaintiffs also allege that defend-
ants violated the federal civil rights laws by discrimi-
natory employment practices and purport to represent a class
of all black and Chicano citizens who were targets of
defendants' alleged discrimination.

Texas and California plaintiffs argue that these
actions involve common factual issues concerning employment
discrimination by an entire industry and that coordinated
or consolidated pretrial proceedings pursuant to Section
1407 are necessary in order to prevent duplication of
discovery.  Plaintiffs assert that the partial consent
decree did not cover the common factual issues relating to transfer

- 4 -

and seniority policies and that the International Brother-
hood of Teamsters, the only party common to all three actions in
this litigation, did not enter into the consent decree.   They
also argue that the Government action is far from settled and that
there is a substantial possibility that many members of
the defendant class in the Government action, including certain
defendants in the California and Texas actions, will
resist entering into a consent decree and instead choose
to litigate which will necessitate extensive common
discovery.

  While it is true that the complaint in the
Government action focuses on alleged discrimination by
an entire industry, plaintiffs have failed to persuade
the Panel that the criteria for transfer of these actions
under Section 1407 have been satisfied.   The Texas action
appears to be entirely local in nature, involving the
alleged discriminatory effect of "dovetailing" the
employees of two companies on a common seniority roster
after the merger of the two companies eight years ago.
And we recognize that the Government and California
actions contain limited common questions of fact con-
cerning the alleged discriminatory effect of the National
Master Freight Agreement in perpetuating the practice
of maintaining separate seniority lists for different
job classifications.   But like the Texas action, the
California action appears to be predominately local

- 5 -

in nature, involving, primarily, specific local acts of
alleged discrimination.  Thus, the Texas and California
actions will center on local discovery issues which are not
likely to arise in the Government action.  In addition,
there are close to 400 defendants in those
the Government action, but only a handful of the
defendants in the California action are common to those
in the Government action and only one defendant in the
Texas action is common to those in the other two actions.
Moreover, a partial consent decree has been achieved
in the Government action and we are advised that signifi-
cant progress is being made toward overall resolution
of this action through acquiescence and that transfer
would have a deleterious effect on that effort.  Under
these circumstances, transfer at this time would neither
serve the convenience of the parties and witnesses
nor promote the just and efficient conduct of the
litigation.

Our recent decision in In re Roadway Express,
Inc. Employment Practices Litigation, ____ F. Supp. ____
(J.P.M.L., filed November 6,    1974 ,ordering transfer of
certain  actions involving a comparable subject matter,
is distinguishable.  That litigation consisted of three
class actions in the Southern District of Texas against
Roadway Express, Inc., the International Brotherhood
of Teamsters, the Southern Conference of Teamsters and

- 6 -

the Houston local teamsters union; and a single class
action in the Western District of Texas against the same
major defendants and the San Antonio local teamsters union.
Like the present litigation, plaintiffs alleged that
defendants violated the federal civil rights laws by
discriminatory employment practices.  The actions in the
Roadway Litigation also shared common factual issues
concerning the interpretation of identical clauses in
the master freight contracts but, unlike the actions
in the present litigation, involved mostly common defendants.
The crucial factor favoring transfer of the Roadway
Litigation, however, was the similarity of the class
allegations contained in the complaints and our desire
to ensure that the possibility of inconsistent class
determinations was eliminated.  Such a situation is
nonexistent here.

        We share plaintiffs' concern about the possibility
of a proliferation of lawsuits throughout the country
dealing with the employment practices of the trucking
industry.  Our denial of transfer, therefore, is without
prejudice to any party's right to seek Section 1407 treatment
if it feels future circumstances so require.  Nonetheless,
unless we are persuaded that the statutory criteria are
satisfied, transfer under Section 1407 will be
inappropriate.

- 7 -

IT IS THEREFORE ORDERED that the motion to
transfer the actions on Schedule A pursuant to 28 U.S.C.
§1407 be, and the same hereby is, DENIED, without
prejudice to the right of any party to move for transfer
at a later time.

SCHEDULE A                                    DOCKET NO. 175


## SOUTHERN DISTRICT OF TEXAS

Rodney Savoy, et al. v. Missouri          Civil Action
Pacific Truck Lines, Inc., et al.         No. 73-H-1170


## NORTHERN DISTRICT OF CALIFORNIA

Leon Jones, et al. v. Pacific             Civil Action
Intermountain Express, et al.             No. C-73-2296-RHS


## DISTRICT OF COLUMBIA

United States of America v.               Civil Action
Trucking Employers, Inc., et al.          No. 74-453